# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) FELICIA D. HILL, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. CIV-17-408-M |
| 1) UNISPEC ENTERPRISES, | ) |
|       Defendant. | ) |

## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Unispec Enterprises, Inc. ("Defendant"), hereby files its Partial Motion to Dismiss Plaintiff's Complaint (hereinafter "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6), and shows the Court as follows:

**I.     INTRODUCTION**

In this case, Plaintiff Felecia Hill, acting pro se, has brought a complaint against her former employer Unispec Enterprises. The complaint takes the form of a letter dated April 10, 2017 that was drafted to the District Court and was attached to the pleading caption ("the Complaint"). The Complaint states that Ms. Hill wishes to "file a discrimination complaint, based on race (African-American) in which I was slandered then Wrongfully Termination [sic] by my employer." (See Complaint, paragraph 1, sentence 1). The only facts alleged by Ms. Hill in support of these claims are that (1) she is an African American woman, (2) who worked at job site in Oklahoma City, and (3) was unfairly removed from her job to allow a white female to replace her. (See Complaint, paragraph 1, sentence 3.)

While these facts (pled by a pro se plaintiff) are arguably sufficient to state a claim for race discrimination under Title VII, they do not provide any support for a slander claim or any sort of wrongful termination claim (other than the discrimination claim already specifically mentioned).  Because Plaintiff has not pled any facts to support a slander claim or a separate wrongful termination claim (other than wrongful discharge in violation of Title VII), Defendant respectfully requests that these causes of action be dismissed.

## II.   ARGUMENT

While a Court is required to construe a pro se plaintiff's complaint liberally, the pro se plaintiff must still recite sufficient facts to support his or her claim.  *Fox v. Eyring,* 2009 WL 675355, at *1 (D. Utah Mar. 12, 2009), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  This is because "[n]o special legal training is required to recount facts surrounding an alleged injury, and pro se litigants must allege sufficient facts, on which a recognized legal claim could be based." *Id.*

For a slander claim to stand, a plaintiff must plead facts demonstrating: (1) that Defendant made a false and defamatory statement concerning Plaintiff; (2) that there was an unprivileged publication to a third party; (3) that the publisher of the statement was at fault; and (4) that the statement is actionable without special damages or that special damage was caused by the publication.  *Hetronic Intern., Inc. v. Rempe,* 99 F.Supp.3d 1341 (W.D.Okla. 2015), *citing Cardtoons, L.C. v. Major League Baseball Players Ass'n,* 335 F.3d 1161, 1166 (10th Cir. 2003).  In order to satisfy this, a plaintiff must go beyond merely pleading that the Defendant "slandered" the plaintiff's reputation.  *Hetronic*

*intern., supra,* 99 F.Supp.3d at 1349. Instead, a plaintiff must provide factual information about when the statement was allegedly made, the identity of both the person(s) making and receiving the statement(s), and the mode of communication of the statement(s). *Id.* Because Plaintiff has failed to do so, her slander claim should be dismissed. See, e.g., *Coleman v. General Motors*, 2012 WL 6681811 at *1 (D. Kan. Dec. 21, 2012) (citations omitted)(dismissing pro se Plaintiff's defamation claim for failure to plead sufficient facts to support it).

Plaintiff's "wrongful termination" claim is completely undefined, and therefore, it is impossible to determine if the reference to "wrongful termination" is meant to simply be a restatement of Plaintiff's claim that she was discharged based on race, in violation of Title VII, or instead, is supposed to form the basis of a stand-alone claim. To the extent the "wrongful termination" claim is simply another statement of the claim that Plaintiff was terminated in violation of Title VII, the claim is duplicative and should be dismissed so as to make clear that the only allegation is one of discriminatory discharge in violation of Title VII. To the extent the "wrongful termination" claim is meant to be a stand-alone claim that is separate and apart from the Title VII discrimination claim, no facts have been pled to support it, and thus, it should be dismissed based on a lack of factual support for the claim.

### III. CONCLUSION

It appears from Plaintiff's Complaint that her main allegation is that she was terminated based on her race. However, her Complaint also asserts claims for "slander" and "wrongful termination." The only allegations of fact that Plaintiff provides relate to

3

her Title VII claim. Defendant is entitled to know specifically what allegations are being made against it, and the alleged facts on which those claims are based. Defendant respectfully requests that this Court dismiss the "slander" and "wrongful termination" claims against Defendant as no facts have been pled to support any claim other than one for violation of Title VII.

Respectfully submitted,

*s/ Mary P. Snyder*
Tanya S. Bryant, OBA #20170
Mary P. Snyder, OBA #31427

CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 N. Robinson Ave.
Suite 100
Oklahoma City, OK 73102-8273
(405) 235-7700
(405) 239-6651 (Facsimile)
tanya.bryant@crowedunlevy.com
mary.snyder@crowedunlevy.com

ATTORNEYS FOR UNISPEC
ENTERPRISES, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of June, 2017, I electronically transmitted the attached document to the Court Clerk using the ECF System for filing.

I hereby certify that on this 2nd day of June, 2017, I served the same document by regular U.S. Mail and Email on the following who is not a registered participant of the ECF system:

Felicia Dawn Hill
1800 N.E. 54th Street
Oklahoma City, OK  73111
Feliciahill17@yahoo.com

*Pro Se Plaintiff*

                                            *s/ Mary P. Snyder*
                                            MARY P. SNYDER